# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **TRAMWAY PROPERTIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:24-cv-0038 |
| | ) |
| **FIRSTBANK PUERTO RICO,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss, filed on December 2, 2024. (ECF No. 12.) Plaintiff filed an opposition on December 23, 2024 (ECF No. 15), and Defendant filed a reply thereto on January 6, 2025. (ECF No. 17.) The motion is fully briefed and ripe for adjudication. For the reasons stated below, the Court will deny the motion.

## I.

The basis for Plaintiff's complaint is a Credit Card Merchant Agreement (CCMA) that it entered into with Defendant in approximately 2014. Complaint ("Compl.") (ECF No. 1) at ¶ 7. As alleged by Plaintiff, "[p]ursuant to the CCMA, Tramway accepts credit cards, and FirstBank carries out the financial exchanges that occur between Tramway and its credit card customers." *Id*. Under the said agreement, FirstBank is authorized "to charge Tramway certain fees for facilitating the credit card transactions." *Id*. at ¶ 8. Plaintiff alleges that Defendant has "consistently overcharged Tramway for credit card transactions," estimating the overcharges to be "more than $130,00.00," [with] the full amount of the overcharges [to] be proven at trial." *Id*. at ¶ 11.

Defendant moves to dismiss on the grounds of lack of subject matter jurisdiction, alleging that the amount in controversy fails to meet the threshold amount for diversity jurisdiction. ECF No. 12 at 1. Defendant also moves "to dismiss Counts III and IV (mislabeled as Counts II and III) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, because Tramway's tort claims are barred by the Economic Loss Doctrine." *Id*.

## II.

### A. Diversity Jurisdiction

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party can move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). With a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the Court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

It is axiomatic that federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Clearly, the complaint in this matter does not assert admiralty/maritime claims nor does it present a

*Tramway Properties, Inc. v. FirstBank Puerto Rico*
Case No. 3:24-cv-0038
Order
Page 3 of 6

federal question. Thus, the Court examines whether Plaintiff has adequately alleged diversity of citizenship jurisdiction.

Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount of controversy exceeds $75,0000.00.  28 U.S.C. § 1332(a). In the matter at bar, Defendant contests jurisdiction on the grounds that the amount in controversy is less that $75,000.00, declaring that "the amount in controversy in this case cannot, to a legal certainty, exceed the sum of $44,791.88." ECF No. 13 at 5. However, as stated *supra*, a pre-answer motion to dismiss must be construed as a *facial* challenge.

Plaintiff alleges that "[t]his Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 because Tramway and FirstBank are citizens of different Territories of the United States, and the matter in controversy is in excess of $75,000.00." Compl. at ¶ 3. Taking, as it must, the allegations of paragraph numbered 3 of the Complaint together with the allegation that, "[F]irstBank has overcharged Tramway more than $130,00.00 . . . ," *id*. at ¶ 11, as true, the Court finds that the complaint adequately alleges an amount in controversy for purposes of a 12(b)(1) motion. Thus, Defendant has failed to demonstrate a lack of subject matter jurisdiction, and the Court will deny its motion on that basis.

### B.  Rule 12(b)(6) - Failure to State a Claim

Defendant argues that Counts III and IV (mislabeled at Counts II and III), alleging claims for unjust enrichment and trespass to chattels, respectively, must be dismissed because they fail to state a claim. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). *See also Gelman v. State Farm Mut. Auto. Ins. Co*., 583 F.3d 187, 190 (3d Cir. 2009) (where the court reiterates the (12(b)(6) standard: "[W]e must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be

entitled to relief.'" (quoting *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

Defendant contends that Counts III and IV must be dismissed because they are barred by the economic loss doctrine. "The economic loss doctrine forbids a party from suing or recovering in tort for economic or pecuniary losses that arise only from breach of contract or are associated with the contract relationship.'" *Turnbull v. Univ. of the V.I.*, 2016 V.I. LEXIS 22, at *14-15 (Super. Ct. Mar. 2, 2016) (quoting 74 Am. Jur. 2d *Torts* § 24). Although the

economic loss doctrine has not yet been formally adopted by the Supreme Court of the Virgin Islands, after conducting a *Banks* analysis, the *Turnbull* court determined that "Virgin Islands courts should and will continue to apply the doctrine when appropriate." *Id*. at *17.

> As this Court has held,
>
> "A claim for unjust enrichment is a recognized cause of action in the Virgin Islands." *Frank v. GVI*, Civil No. 2009-66, 2012 U.S. Dist. LEXIC 41235, *21-22, [WL] *8 (D.V.I. Feb. 23, 2012) (hereinafter, "*Frank II*"). "An unjust enrichment claim may proceed under a tort theory or under a quasi-contract theory." *Frank v. GVI*, Civil No. 2009-66, 2010 U.S. Dist. LEXIS 32341, *33, [WL] *11 (D.V.I. March 31, 201) (hereinafter, "*Frank II*" (citing *Steamfitters Local Union No. 410 Welfare Fund v. Philip Morris,* Inc. [sic], 171 F.3d 912, 936 (3d Cir. 1999)).

*Fair Wind Sailing, Inc. v. Dempster*, Civil No. 2011-55, 2013 U.S. Dist. LEXIS 36072, at *18 (D.V.I. Mar. 15, 2013). Thus, despite Defendant's characterization of the unjust enrichment claim as sounding in tort, the Court finds that it is based upon the contractual relationship between the parties and is quasi-contractual in nature. Consequently, the Court concludes that the claim is not barred by the economic loss doctrine.

While it is clear that Plaintiff's trespass to chattels claim is a tort claim, *see Sound Solutions, LLC v. V.I. Water & Power Auth.,* Case No. ST-12-CV-88, 2014 V.I. LEXIS 74, at *4 nn.12-13 (Super. Ct. Sept. 19, 2014) (where the court adopts the Restatement (Second) of Torts §§ 217 and 218, regarding the tort of trespass to chattels, as "the soundest rule for the Virgin Islands and is in accord with local public policy"), at this juncture, the Cout will allow the claim to proceed. The economic loss doctrine is an affirmative defense. Plaintiff is not required to plead facts that would dispel an affirmative defense. Moreover, construing the allegations of the complaint in the light most favorable to Plaintiff, the Court finds that the allegations in Count IV meet the plausibility requirement to state a claim.

**III**.

Because the Court finds that the complaint in the above-captioned matter sufficiently alleges diversity subject matter jurisdiction, the Court will deny Defendant's motion to dismiss for lack of jurisdiction. Further, the Court finds that the complaint adequately alleges plausible claims in unjust enrichment and trespass to chattels. Accordingly, it is hereby

*Tramway Properties, Inc. v. FirstBank Puerto Rico*
Case No. 3:24-cv-0038
Order
Page 6 of 6

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 12, is **DENIED**.

**Dated:** September 26, 2025              /s/ *Robert A. Molloy*
                                           **ROBERT A. MOLLOY**
                                           **Chief Judge**